**QUILL & ARROW, LLP**
KEVIN Y. JACOBSON (SBN 320532)
ALLEN AMARKARIAN (SBN 319117)
10900 Wilshire Boulevard, Suite 300
Los Angeles, California 90024
Telephone: (310) 933-4271
Facsimile:  (310) 889-0645
E-mail:  kjacobson@quillarrowlaw.com
E-mail:  acohen@quillarrowlaw.com
E-mail:  e-service@quillarrowlaw.com

Attorneys for Plaintiff
NAKITA L. LOVEJOY HARRIS

**WILSON TURNER KOSMO LLP**
ROBERT A. SHIELDS (206042)
PARADA K. ORNELAS (272724)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  rshields@wilsonturnerkosmo.com
E-mail:  pkornelas@wilsonturnerkosmo.com
E-mail:  warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKITA L. LOVEJOY HARRIS, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation,<br><br>             Defendants. | Case No. 2:22-cv-02026-KJM-KJN<br><br>**PROTECTIVE ORDER FOR DISCOVERY ONLY PURSUANT TO RULE 141.1**<br><br>Complaint Filed: November 9, 2022<br><br>District Judge:   Kimberly J. Mueller<br>Courtroom:       3. 15th Floor<br><br>Magistrate:       Kendall J. Newman<br>Courtroom:       25. 8th Floor<br><br>Trial Date:        Not Set |

///

///

///

**IT IS HEREBY STIPULATED** by and between the Parties to, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding, case no. 2:22—CV-02026—KJM—KJN.

   b. "Court" means the Hon. Kimberly J. Mueller or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

   d. "Confidential Materials" shall mean trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which would cause competitive harm, that is contained in Protected Documents, and which have not been disclosed or made available to the public. Confidential information may include, but is not limited to (1) engineering documents, including design drawings and other technical engineering related specifications, (2) test documents, analysis, and testing procedures; (3) manufacturing specifications and procedures, including communications with and process documents pertaining to Nissan's suppliers and supplier relationships; (4) internal business or financial information; (5) confidential customer information and personal identifying information; and (6) any other similar proprietary, confidential, private information,

commercially sensitive business information, or competitive intelligence, including but not limited to trade secrets.

   e. "Customer" shall mean any person or entity that purchases or otherwise comes to possess Defendant's product.

   f. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential."

   g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

   h. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Fed. R. Evid. 1001, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

   i. "Information" means the content of Documents or Testimony.

   j. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

   k. "Party" or "Parties" shall mean and include the parties to this litigation.

   l. "Protected Documents" shall mean documents and materials to be produced in this litigation which contain Confidential Materials

  2. This Order is intended to facilitate the Parties' production of certain information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena. Nothing in this Order will prevent counsel from

using Confidential Information in connection with any work product created by or on behalf of that counsel for use in the Proceeding. Subject to the provisions herein, such work product may be retained by the counsel creating it.

3. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated, with the word "Confidential", "Subject to Protective Order" or have a substantially similar notice on the document before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or a substantially similar notice on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the

deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party. When Protected Documents or information obtained therefrom is designated as "Confidential" in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

   c. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

   d. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

   5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent

production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

      6.     The parties may disclose and produce responsive documents to each other in this litigation and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

          a. The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the

-6-     Case No. 2:22-cv-02026-KJM-KJN

PROTECTIVE ORDER FOR DISCOVERY ONLY PURSUANT TO RULE 141.1

producing party notifies the receiving party, in writing, of the production after its discovery of the same.

b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required by the applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

d. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

   e. If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

   f. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

   g. The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Code of Civil Procedure §§ 2018.010 *et seq.*

  7. No provision of this stipulated order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

  8. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents (identified by specific bates number), Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from

receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

10. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons or entities:

   a. the Court and its personnel;

   b. (1) Attorneys of record in the Proceedings and their affiliated attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms and required to execute Exhibit A agreeing to be bound by the terms of this protective order prior to disclosure.

   c. those attorneys of record and their affiliated attorneys, experts, and

agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such attorney of record and their affiliated attorneys, experts, and/or agents, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   d. court reporters or videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

   e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, or employee of an entity that has had access to the Confidential Materials, or who has been produced by the Designating Party pursuant to Fed. R. Civ. P. 30 to testify regarding matters related to the Confidential Materials.

   f. litigation support consultants and vendors retained by the Parties to provide litigation support services (e.g. photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.), provided, however, that prior to the Disclosure of Confidential Materials to any such consultant or vendor, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   g. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding (provided that no disclosure shall be made to any expert or consultant who is currently employed by an automobile manufacturer competitor of Nissan), whether or not retained to

testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  h. any other person or entity that the Designating Party agrees to in writing.

 11. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

  a. While the Parties may provide Confidential Materials in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or internet accessible document repository that is accessible to anyone other than the persons noted in paragraph 8 above.

  b. All persons described in Paragraph 8 above shall not under any circumstance sell, offer for sale, advertise or publicize either the Confidential Materials or the information contained therein or the fact that such persons have obtained the Confidential Materials

  c. All persons described in Paragraphs 8 above shall not have access to Confidential Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to Be Bound").

12. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

13. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

14. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

15. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned

Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

16. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission within forty eight (48) hours of receipt, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent

1  facts relating to the Disclosure of such Confidential Materials to the immediate
2  attention of the Designating Party.

3  19. This Stipulation and Protective Order is entered into without prejudice to
4  the right of any Party to knowingly waive the applicability of this Stipulation and
5  Protective Order to any Confidential Materials designated by that Party. If the
6  Designating Party uses Confidential Materials in a non-Confidential manner, then the
7  Designating Party shall advise that the designation no longer applies. If any provision
8  of this Protective Order shall be held invalid for any reason whatsoever, the remaining
9  provisions shall not be affected thereby.

10  20. Where any Confidential Materials, or Information derived from
11  Confidential Materials, is included in any motion or other proceeding governed by
12  Fed. R. Civ. P 83 the party shall follow those rules. With respect to discovery
13  motions or other proceedings not governed by Fed. R. Civ. P 83, the following shall
14  apply: If Confidential Materials or Information derived from Confidential
15  Materials are submitted to or otherwise disclosed to the Court in connection with
16  discovery motions and proceedings, the same shall be separately filed under seal with
17  the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER
18  SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY
19  FURTHER SEALING ORDER REQUIRED."

20  21. The Parties shall meet and confer regarding the procedures for use of
21  Confidential Materials at trial and shall move the Court for entry of an appropriate
22  order.

23  22. Nothing in this Stipulation and Protective Order shall affect the
24  admissibility into evidence of Confidential Materials or abridge the rights of any
25  person to seek judicial review or to pursue other appropriate judicial action with
26  respect to any ruling made by the Court concerning the issue of the status of Protected
27  Material.

28  This Stipulation and Protective Order shall continue to be binding after the

1  conclusion of this Proceeding and all subsequent proceedings arising from this
2  Proceeding, except that a Party may seek the written permission of the Designating
3  Party or may move the Court for relief from the provisions of this Stipulation and
4  Protective Order. To the extent permitted by law, the Court shall retain jurisdiction
5  to enforce, modify, or reconsider this Stipulation and Protective Order, even after
6  the Proceeding is terminated.

7       23.    Upon written request made within thirty (30) days after the
8  settlement or other termination of the Proceeding, counsel for the Party who has
9  received Protected Documents shall either: (a) return to the Designating Party the
10 Protected Documents, including any documents which any such Party disclosed to any
11 Qualified Person, or (b) securely destroy the Protected Documents, including any
12 documents which any such Party disclosed to any Qualified Person and certify in
13 writing such destruction to the Designating Party.

14      24.    After this Protective Order has been signed by counsel for all Parties, it
15 shall be presented to the Court for entry. Counsel agree to be bound by the terms set
16 forth herein with regard to any Confidential Materials that have been produced
17 before the Court signs this Stipulation and Protective Order.

18      25.    The parties do not waive their right to seek modification to this Protective
19 Order by agreement or leave of the Court.

20      26.    The Parties and all signatories to the Certification attached hereto as
21 Exhibit A agree to be bound by this Stipulation and Protective Order pending its
22 approval and entry by the Court. In the event that the Court modifies this Stipulation
23 and Protective Order, or in the event that the Court enters a different Protective
24 Order, the Parties agree to be bound by this Stipulation and Protective Order until
25 such time as the Court may enter such a different Order. It is the Parties' intent to
26 be    bound by the terms of this Stipulation and Protective Order pending its
27 entry so as to allow for immediate production of Confidential Materials under the
28 terms herein.

This Stipulation and Protective Order may be executed in counterparts.

Dated: _____   By: _____
                                          Attorneys for Plaintiff,
                                          KEVIN Y. JACOBSON
                                          ALLEN AMARKARIAN

Dated: _____   By:   /s/ *Carmen G. Espinosa*
                                          Attorneys for Defendant,
                                          NISSAN NORTH AMERICA, INC.

### ORDER

The court has reviewed the parties' stipulated protective order.  (See ECF No. 12.)  The stipulation comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1.  The court APPROVES the protective order, subject to the following clarification.  The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case).  Thus, despite the parties' agreement at par. 22, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  February 15, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harr.2026

# EXHIBIT A

## Certification Re Confidential Discovery Materials

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (2:22—CV-02026—KJM—KJN.) I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such Materials.

///
///
///
///
///
///
///

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of ____, 20__, at _____.

DATED:_____    BY:  _____
                                 Signature

                                 Title:_____

                                 Address: _____

                                 City, State, Zip: _____

                                 Telephone Number: _____